STRINE, Chief Justice,
concurring:
I agree with the lucid and well-crafted opinion of the Court, but I feel it would be useful to deal more directly with the defendant’s argument that he is not guilty of sexual solicitation under 11 Del. C. § 1112A because he did not capture a physical depiction of his victim’s nudity. Zambrana’s admitted intention was to create a “mental image” of S.Z. without her clothing, so that he could commit it to memory and then to call it to mind when he masturbated. In other words, Zambra-na tricked a minor into exposing herself to him so he could use the image later for his own sexual gratification. Because I think a reasonable reading of “depiction” includes painting a mental image, as .Zam-brana did here, and interpreting the term broadly best' accords with the statute as a whole and the legislative purpose in enacting it, I agree that his conviction should be affirmed.
Zambrana argues that he did not create a physical “depiction” of his victim’s nudity, which he contends is required to be convicted under the statute. Zambrana argues that the “plain, ordinary meaning” of “depiction” is “to show (someone or something) in a picture, painting, photograph, etc.”[43] Thus, he contends that tricking a victim into taking off her clothes for the purposes of his own sexual gratification is insufficient because he did not *781 “intend to or take a picture, video recording, or create any other ‘depiction’ of [S.Z.’s] nudity.”[44].
But, as the Court’s opinion points "out,“depiction” has more than one meaning, and is broad enough to encompass descriptions in words and other intangible portrayals.[45] Thus, a reasonable reading of “depiction” in this context could include painting a mental image,[46] which can be as potent for the person seeing it in his “mind’s eye” as visual imagery or written language.[47] And Zambrana admitted that he intended to trick S.Z. into allowing him to see her- breasts, precisely so that he could take a mental photograph of them to view later with his mind’s eye.
In my view, the Court is correct that a live performance could constitute a depiction, but I believe it is respectful to deal more directly with'the precise facts of the case as contained in, Zambrana’s admissions and his argument that because he did not snap a photo or take a video of his victim, he did not “depict” her nudity. Under 11 Del. C. § 1112A, read in light of the legislative purpose of the Act and the general purpose of the- Criminal Code as set forth in 11 Del. C. § 201,-1 would find that a mental, image like the one Zambrana admittedly took constitutes a depiction of S.Z.’s nudity, and his conviction is therefore valid.

. Opening Br. at 7.

. Id.

. See Opinion of the Court, n.24.

. Cf. 62A Am.Jur.2d Privacy § 160 (describing “false-light-cases in -which depiction or portrayal of persons as guilty of crimes against societal order have included allegations”) (emphasis added); 48 C.J.S. Intoxicating Liquors § 486 ("The word 'intoxicated’ is one of those terms used to depict a physical condition which probably defies precise definition. ...”) (emphasis added);

."Recognition of a person or face would seem to be as much the product of- a subjective mental image as of articulable, consciously remembered characteristics. A man may see clearly in his ‘mind’s eye’ a face or a figure which he is hard put to describe adequately in words.” Watson v. State, 349 A.2d 738, 740 (Del.1975) (internal quotation marks omitted) (quoting Russell v. United States; 408 F.2d 1280, 1284 (D.C.Cir.1969), cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969)).